# GUARANTY TRUST COMPANY OF NEW YORK, Complainant,

*v.*

# PORTO RICO GAS COMPANY, Dft.

San Juan, Equity, No. 1042.

ATTORNEYS' FEES.

Special Master—Report of Views Only.

1. This court will not regard as possessing either binding or persuasive force a document which purports to be a report of a special master if the document filed contains nothing more than a mere statement of the views of the person acting as such special master.

Counsel Fees—May Be Paid by Consent, though Excessive.

2. Where a paper purporting to be a report of a special master discusses the subject of fees to be allowed to receivers of a corporation and the counsel employed by them, the court will not be bound to adopt the amounts set forth in such report; and if the same be deemed excessive by the court, nevertheless the court has power to order the same to be paid if all the parties in interest consent in writing.

Receiver Ordinarily only One Appointed.

3. In the absence of unusual conditions, an equity court should not appoint more than one person receiver of a corporation.

Opinion filed January 20, 1923.

---

*Mr. J. Henri Brown* and *Messrs. Stetson, Jennings & Russell* for complainant.

*Mr. O. B. Frazer* for receivers.

*Mr. Chas. Hartzell* and *Mr. D. F. Kelley* for purchasers of property.

ODLIN, Judge, delivered the following opinion:

This matter came on to be heard on January 18, 1923, and upon an application by the various interested parties for the confirmation by this court of the so-called report of the special master, which was filed herein on December 26, 1922, and to which so-called report no exceptions have been filed by any of the interested parties. I have decided not to sign the purely formal order which has been prepared and submitted to me by the different counsel in this case, because I desire to avoid any possible future result of the allowances in this case being regarded as a precedent.

In the first place, there would have been no special master appointed by me in this case except that all the parties requested it. This was on June 30, 1922. It is true that before the new rules governing equity procedure in Federal courts special masters had been often used. Judge Rose in his recent volume on Federal Jurisdiction & Procedure, in § 511, observes that these references to special masters had become in many places so habitual as to result in much increased cost and in great waste of time. Therefore Rule 59 was framed so as to provide that, except in matters of accounting, any reference to a special master should be the exception and not the rule. And he further says that such reference should not be made except upon a showing that some exceptional condition requires it. I think I committed a technical error when I appointed this special master in this case on June 30, 1922,

because my order did not show that there was any exceptional condition which *required* it. It is true that there was a condition which *requested* it, viz., the consent of the various interested parties.

Judge Rose, in § 513 of the same book, states that when a special master is appointed he should file with his report not only his findings of fact and his conclusions of law, but he also should file, usually, with his report a transcript of all the testimony taken before him, and the originals of all exhibits filed with him. The so-called report of the special master in this case does not show that he ever examined one single witness; nor is there with this report any exhibit, either original or a copy. This document is nothing more nor less than a statement of the views of Mr. S. Sanchez Morales as to what this court should do in the matter of claims for compensation of the receivers and of the counsel for the receivers, and of counsel for the complainant.

Judge Rose in § 515 goes on to say that even where the master's report is in perfect form it is merely advisory to the court and that the latter may accept it and act upon it or disregard it, in whole or in part, according to the court's own judgment as to the weight of the evidence. In the present case, there being no evidence, there is nothing upon which I can form a judgment.

Judge Rose also says in effect that where the findings of the master are not supported by evidence there is no presumption in favor of such findings. But he also says that sometimes it happens that parties consent to a reference to a master, who is directed to report his findings both of fact and law, and that when he does this the determinations of the

master so selected are not subject to be set aside and disregarded at the mere discretion of the court. A reference of this nature, according to Judge Rose, is in effect a submission of the controversy to a judge of the parties' own selection, to be governed in his conduct by the ordinary rules applicable to the administration of justice in tribunals established by law. In a case of that kind the findings of the master are to be taken by the court as presumptively correct, subject, however, to be reviewed under the reservation contained in the consent and order of the court when there has been manifest error in the consideration given to the evidence, or in the application of the law, but not otherwise.

Now of course it needs no argument to show that this document filed in this cause on December 26, 1922, is in no sense a compliance with the rules laid down by Judge Rose.

In order that this peculiar and unusual proceeding may not be considered in any sense a precedent, I have deemed it proper to set forth plainly in this order and opinion that the only reason why I have agreed to regard this document as a report is because none of the parties in interest have objected to it; but on the contrary this court has received a communication from Mr. Rufus Waples, who appeared before this court personally on June 30, 1922, as chairman or representative of the reorganization committee of the Porto Rico Gas Company, and requested me to forward to him a copy of the report of the special master as soon as it should be filed. This was one of the agreements that this court made with that gentleman on the day that the reference to Mr. Sanchez Morales, as special Master, was signed by me. The communication which I have received from Mr. Waples on January, 1923, informs me that

he was to have a meeting with Mr. Hartzell, one of the counsel in this case, on the 11th of this month at Philadelphia to consider this matter, and that he might then write me after the meeting with Mr. Hartzell. There has been also shown to me a cablegram signed by Mr. Hartzell and addressed to his associate counsel, Mr. Kelley, reading as follows: "Money cabled to order Joy if Redding files exceptions we should file counter-exceptions others will be paid regardless action of Redding. (Signed) Hartzell."

It is on the strength of the communication of Mr. Waples to me and of this cablegram sent by Mr. Hartzell to Mr. Kelley that I now approve the payments as recommended by the special master, Mr. Sanchez Morales. I have absolutely no knowledge as to whether the payments are just or unjust. I have nothing upon which to form an opinion. They may be inadequate or they may be excessive. It is impossible for me to tell, but when I glance at them the amounts seem to me to be simply stupendous. I have never been able to understand that there was any sound reason for the appointment of two receivers in this proceeding. Of course, as I found them here in the early part of May, 1921, when I took charge of this court, and none of the parties in interest ever complained, I took no action. But it has always puzzled me to understand why there was any more necessity for two receivers in this proceeding than for a cat to have two tails. If the Federal court in the city of New York, with its over five millions of people, is able to operate the Interborough Transit corporations, involving hundreds of millions of dollars worth of property, with one receiver, as is being done and has been done for some years, it seems to me ridiculous that a gas company

I therefore distinctly set forth in this order and opinion that the payment of the sums fixed by the special master are allowed solely because all the interested parties in this case have agreed thereto. This order and opinion is specifically declared to be no precedent whatever for any future action which I may take in proceedings of this nature in connection with other equity cases now pending, or which may hereafter be filed in this court.

Upon the foregoing understanding it is now ordered that there be paid to R. M. Redding, as receiver, the sum of $20,-000; also to Herbert W. Brown, as receiver, the sum of $20,-000; also to J. Henri Brown of San Juan and the law firm of Stetson, Jennings & Russell of New York city, counsel for the complainant, the sum of $15,000 to be divided by the said J. Henri Brown and by the said firm of Stetson, Jennings & Russell as they may agree; also the sum of $15,000 to O. B. Frazer as attorney for the receivers. Upon such payments being made, proper receipts therefor shall be filed with the clerk of this court.